UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NANCY TUMMINELLO                                    CIVIL ACTION

VERSUS                                              NO. 09-7324

MURPHY OIL CORP., ET AL                             SECTION "B"(4)

ORDER AND REASONS

Considering Plaintiff's Motion to Remand (Rec. Doc. No. 12) and Defendants' opposition thereto (Rec. Doc. No. 14), **IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**

On October 9, 2009, Nancy Tumminello ("Plaintiff") filed suit in the 21st Judicial District Court for the Parish of Tangipahoa against Murphy Oil USA, Inc. ("Murphy") and Liberty Mutual Fire Insurance Company ("Liberty")(collectively "Defendants"). (Notice of Removal ¶ 1.) Plaintiff is seeking damages for injuries to her right lower extremity and knee allegedly sustained at a convenience store owned and operated by Murphy. Specifically, Plaintiff seeks to recover: "loss of past and future earnings and earning capacity; past and future pain and suffering, both physical and mental; past and future medical and related expenses; loss of life's pleasures and enjoyment; and/or permanent disabilities from Defendants." (*See* Pet. for Damages ¶ VI.)

On November 12, 2009, Defendants timely removed this action pursuant to 28 U.S.C. §§ 1441 and 1446. In its Notice of Removal,

1

Defendants explained that it is facially apparent from Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000 (Notice of Removal ¶ 8.)  Furthermore, Defendants assert that Plaintiff has not alleged that the amount in controversy is less than the requisite amount for the exercise of federal jurisdiction, as required by Louisiana Code of Civil Procedure Art. 893 (*Id.* at ¶ 9.)

In a timely filed remand motion Plaintiff submits her sworn affidavit in an effort to clarify the amount in controversy, binding herself to a judgment of $75,000 and renouncing rights to seek amounts in excess of that sum, exclusive of interests and costs.

A plaintiff's filing of a stipulation to the effect that the amount in controversy does not exceed $75,000 does not necessarily defeat removal.  To determine whether diversity jurisdiction exists for proper removal, the Court must consider the claims made in the state court petition as they existed at the time of removal.  See *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Louisiana law prohibits a plaintiff from specifying a monetary demand in its petition for damages.  See La. Code Civ. Proc. art. 893A.(1).[1]  A party will receive any relief to which he

---

[1] Louisiana Code of Civil Procedure Article 893A.(1) provides:

*No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.* The prayer for relief shall be for such damages as are reasonable in the premises except

is entitled, even if the party has not demanded it in his pleadings. La. Code Civ. Proc. art. 862.[2] Concern arises, however, when a litigant could plead less than the jurisdictional amount required for federal jurisdiction in order to avoid removal but then subsequently prove and be awarded damages greater than the jurisdictional amount in state court. See *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). As such, this Court must look to the "jurisdictional facts that support removal . . . at the time of the removal." See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The removing party must establish such facts by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409, 1412 (5th Cir. 1995)).

---

that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

(emphasis added).

[2] Louisiana Code of Civil Procedure Article 863 provides in part that " . . . a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."

If it is not "facially apparent" from the complaint that the claims exceed $75,000, then the Court "may rely on 'summary judgment-type' evidence to ascertain the amount in controversy. Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (footnotes omitted).

In *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993), abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), the Fifth Circuit identified the circumstances in which the removing party fails to satisfy its burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

988 F.2d at 566. Plaintiffs' sworn affidavits may not defeat removal by subsequently changing a damage request because post-removal events cannot deprive a court of jurisdiction once it has attached. *Id.* at 565 (citing *St. Paul Mercury Indemnity Co. v. Red*

4

*Cab Co.*, 303 U.S. 283, 292). However, courts may unequivocally consider "affidavits [that] clarify a petition that previously left the jurisdictional question ambiguous. Under [these] circumstances, the court is still examining the jurisdictional facts *as of the time* the case [was] removed[.]" *Id.* (emphasis in original). On the other hand, courts may not consider affidavits if the plaintiff "seeks to reduce, rather than clarify, his demand after removal." *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993).

In this case, it is not facially apparent from examining Plaintiff's Petition for Damages that her claims exceed $75,000. As such, the Court may rely on summary judgment-type evidence to ascertain whether the amount in controversy exceeded $75,000 on the date that Plaintiff filed their complaint in state court. Defendant has produced some case law on quantum, reflecting demands that exceeded $75,000. (Rec. Doc. No. 14). For retention purposes, each case is different because of differences in the parties, facts giving rise to the claims, and medical needs and treatment, to name a few. While case authority on damages is useful, it does not effectively rebut Plaintiff's binding stipulation in her noted affidavit.

Each personal injury claimant eventually attempts to quantify their pain and suffering and other damages. There is no exact mathematical formula or universal number to pigeonhole every item of damage. Our legal system requires a case-by-case analysis. In

5

this case, the best evidence of worth is Plaintiff's own sworn and binding affidavit that clarifies her damages claim as a sum not exceeding $75,000. Remand is appropriate.

New Orleans, Louisiana this 29th day of March, 2010.

						        /s/ Ivan L.R. Lemelle				
							IVAN L. R. LEMELLE
						UNITED STATES DISTRICT JUDGE